**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

**No. 09-5093**

UNITED STATES OF AMERICA,

 Plaintiff – Appellee,

 v.

GEORGE ROBERT DRIVER,

 Defendant – Appellant.

Appeal from the United States District Court for the District of South Carolina, at Anderson.  G. Ross Anderson, Jr., Senior District Judge.  (8:08-cr-00628-GRA-10)

Submitted: January 31, 2011          Decided: February 24, 2011

Before DUNCAN and DAVIS, Circuit Judges, and HAMILTON, Senior Circuit Judge.

Affirmed by unpublished per curiam opinion.

Leslie Sarji Locklair, LOCKLAIR & LOCKLAIR, PC, Surfside Beach, South Carolina, for Appellant.  Alan Lance Crick, Assistant United States Attorney, Greenville, South Carolina, for Appellee.

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

George Robert Driver appeals his sentence of 110 months in prison and 5 years of supervised release after he pled guilty to conspiracy to distribute methamphetamine in violation of 21 U.S.C. § 846 (2006). Driver's attorney has filed a brief pursuant to Anders v. California, 386 U.S. 738 (1967), asserting, in counsel's opinion, there are no meritorious grounds for appeal, but raising the issues of whether the district court adequately explained its consideration of the sentencing factors under 18 U.S.C. § 3553(a) (2006), and whether the district court properly considered the sentencing guidelines as advisory. Driver was notified of his right to file a pro se supplemental brief but has not done so. We affirm.

We review a sentence under a deferential abuse-of-discretion standard. Gall v. United States, 552 U.S. 38, 51 (2007). The first step in this review requires us to ensure that the district court committed no significant procedural error. United States v. Carter, 564 F.3d 325, 328 (4th Cir. 2009). We then consider the substantive reasonableness of the sentence imposed, taking into account the totality of the circumstances and giving due deference to the district court's decision. Gall, 552 U.S. at 51. We presume a sentence within a properly calculated advisory guideline range is reasonable. United States v. Allen, 491 F.3d 178, 193 (4th Cir. 2007).

2

In sentencing, the district court should first calculate the guideline range and give the parties an opportunity to argue for whatever sentence they deem appropriate. United States v. Pauley, 511 F.3d 468, 473 (4th Cir. 2007). The district court should then consider the relevant § 3553(a) factors to determine whether they support the sentence requested by either party. Id. When rendering a sentence, the district court must make and place on the record an individualized assessment based on the particular facts of the case. Carter, 564 F.3d at 328, 330.

In explaining the chosen sentence, the "sentencing judge should set forth enough to satisfy the appellate court that he has considered the parties' arguments and has a reasoned basis for exercising his own legal decisionmaking authority," but when the judge decides simply to apply the guidelines, "doing so will not necessarily require lengthy explanation." Rita v. United States, 551 U.S. 338, 356 (2007). Where the defendant "presents nonfrivolous reasons for imposing a different sentence, however, the judge will normally go further and explain why he has rejected those arguments." Id. at 357. While a district court must consider the statutory factors and explain its sentence, it need not explicitly reference § 3553(a) or discuss every factor on the record, particularly when the district court imposes a sentence within a properly calculated

3

guideline range. <u>United States v. Johnson</u>, 445 F.3d 339, 345 (4th Cir. 2006).

The parties agreed Driver would be responsible for at least 350 grams but less than 500 grams of methamphetamine for purposes of calculating his sentence under the guidelines. Without the plea agreement, the probation officer noted Driver would be responsible for two pounds of methamphetamine. The district court determined that Driver's guideline range was 110 to 137 months based on a total offense level of twenty-five and criminal history category VI. The parties agreed with the calculations. Driver asked the district court to sentence him at "the low end of the guidelines in this case, near 110 months." Counsel explained Driver had become involved in the offense due to economic problems and because he was addicted to methamphetamine, and he requested that the court recommend his participation in drug treatment while incarcerated.

The district court gave Driver an opportunity to allocute, and he explained his drug addiction led him to make some bad choices. The court asked him if he thought he would benefit from drug treatment, and Driver replied, "Yes, Your Honor. I think that's the main problem that I have." The court agreed to recommend it and granted his request to be sentenced at the low end of his guideline range to 110 months in prison. The court noted that it accepted the plea agreement as fair to

Driver and the Government.  The court asked whether Driver had any complaints or anything else to say, and he did not.

On appeal, counsel raises the issues of whether the district court adequately explained its consideration of the statutory sentencing factors and whether it properly considered the guidelines as advisory.  As counsel notes, we review these issues for plain error.  See United States v. Lynn, 592 F.3d 572, 577 (4th Cir. 2010).  It is therefore Driver's burden to show (1) error; (2) that is plain; and (3) the error affects his substantial rights.  See United States v. Olano, 507 U.S. 725, 732 (1993).  If he makes this showing, the decision to correct the error lies within our discretion, and we exercise that discretion only if the error "seriously affects the fairness, integrity or public reputation of judicial proceedings."  Id. We have reviewed the record and conclude that Driver has not shown plain error affecting his substantial rights.

In accordance with Anders, we have reviewed the entire record in this case and have found no meritorious issues for appeal.  We therefore affirm the district court's judgment. This court requires that counsel inform his or her client, in writing, of his right to petition the Supreme Court of the United States for further review.  If the client requests that a petition be filed, but counsel believes that such a petition would be frivolous, then counsel may move in this court for

leave to withdraw from representation. Counsel's motion must state that a copy thereof was served on the client.

We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before the court and argument would not aid the decisional process.

AFFIRMED